This is case number 4-160-853, People of the State of Illinois v. Marcus Johnson. For the appellant, we have Cheryl Verghese. Did I get that right? And for the appellee, Allison Paige Brooks. You may proceed. Cheryl Verghese Good morning, Your Honors, and may it please the Court, Counsel. My name is Cheryl Verghese. I'm from the Office of the State Appellate Defender, and I represent Marcus Johnson. Because the double enhancement issue is straightforward, I would like to address the jurisdictional question today. To that end, the Illinois Supreme Court has held that a court in a criminal case has inherent power to reconsider its own rulings, even in the absence of a statute or a rule granting it such authority. Indeed, the Illinois Supreme Court has expressed a clear judicial policy which favors allowing a trial court to reconsider its rulings, and has espoused the efficacy of providing the opportunity for an expeditious method to correct error short of an appeal. In fact, for almost 40 years, the Illinois Supreme Court has interpreted the relevant statutes and its own rules as demonstrating the intent that in criminal matters, the trial court be given the opportunity to reconsider final appealable judgments and orders within 30 days of its entry. In this case, the trial court had jurisdiction to reconsider its denial of Marcus' motion to reconsider, because when the Court, on its own motion, provided notice to both parties and scheduled a hearing date within 30 days of its denial, it essentially nullified Marcus' notice of appeal, and jurisdiction did not vest in this Court. The Illinois Supreme Court Rule 606b provides that when a defendant files a timely post-trial motion or post-sentencing motion, any notice of appeal filed before the entry of the order dispensing of all pending post-trial motions shall have no effect and shall be stricken by the trial court. But Rule 606b does not serve as a limitation on jurisdiction. It is simply an enumerated rule within the broader framework of jurisdiction. In fact, in People v. Marker, the Illinois Supreme Court interpreted Rule 606b to find that when the State files a motion for reconsideration of a trial court's interlocutory order, allowing evidence to be suppressed, that would hold the time for the filing of a notice of appeal. In that case, the Court found that it would create a systematic bias if only the defendant could file a motion to reconsider that would toll the timing of a notice of appeal, because then only erroneous decisions against the defendant would be corrected, and erroneous decisions against the State would escape review. Similarly, while Rule 606b specifically sets out that defendants' pending timely post-trial motions nullify a notice of appeal, that does not mean that the trial court cannot also nullify a notice of appeal by reconsidering its denial of a motion to reconsider sentence within the 30-day window. Do you have a case that says that? No, Your Honor, but the Illinois Supreme Court has interpreted Rule 606b to allow the State to fall within its parameters. So because the trial court does have this inherent authority for 30 days following its denial of post-trial motions, it stands to reason that the trial court should also be allowed to nullify a notice of appeal by reconsidering its denial of a motion. Why couldn't the trial court have used Rule 309 to do just what you're talking about? Your Honor, the trial court could have used Rule 309 to get jurisdiction in this case, but that was just one avenue for the trial court to get jurisdiction. The trial court had different avenues by which the trial court could retain jurisdiction, and the trial court chose to contact OSAD to ask this court to dismiss Marks' appeal because the trial court knew that it did have inherent authority within the 30 days following its denial of a post-trial motion. What about the case of People v. Syrio, S-E-R-I-O? When the defendant filed his motion to dismiss appeal, he cited your office cited as authority, People v. Syrio, in support of the statement that the trial court has the discretion to reconsider the denial of a motion to reconsider sentence within 30 days of that ruling, and it likewise has the jurisdiction to do so, even if a notice of appeal was filed after the original denial of the motion to reconsider sentence. It is pages 816 to 817 that are cited in support of that proposition. And in looking at People v. Syrio, which seemed to support that proposition, the court there said the trial court and emphasis on trial court has jurisdiction to rule on a successive post-judgment motion where the successive motion is filed within 30 days of the final disposition of the preceding post-judgment motion. It seems like that would be supportive of your position, but it's not cited in the brief. Is there something that I don't know about People v. Syrio? Has it been called into question? Your Honor, I'm unaware if it has been called into question, but the cases that were cited in the brief were simply adding to the issue. It was not meant to overturn anything that we put in the motion to dismiss. In fact, it was because we filed the motion to dismiss and informed this court that we were dismissing so the trial court could reconsider its denial that we believe the trial court did have jurisdiction in this case. Even if this court doesn't find that the trial court had jurisdiction under Rule 606B, under the theory of continuous jurisdiction, we believe the trial court did have jurisdiction to resentence Marcus because when the mandate in this case was filed, the trial court retained jurisdiction because it was still within the 30-day window. So in this case, even if 606B doesn't apply, the trial court still acted within the 30 days of its denial of Marcus' post-trial motion and the mandate had been filed dismissing Marcus' appeal so the appellate court no longer had jurisdiction. If Your Honors have no further questions regarding jurisdiction, in conclusion, the trial court expressly stated that it had resentenced Marcus based on its obligation to see that justice was done and that the sentences were fairly imposed. In this case, Marcus' co-defendant was given 12 years, which was exactly half the sentence that Marcus received. He received a 24-year sentence. The trial court, in its discretion, chose to decrease and reduce Marcus' sentence to 16 years to find that the trial court did not have jurisdiction to do so, rebuts the strong policy considerations that underlie judicial economy, which provide that a trial court should decide a motion to reconsider before a case is appealed or else the reviewing court is forced to resolve the appeal without the trial court first having been allowed to correct any trial errors. Therefore, we ask that this court deny the State's argument to vacate the trial court's October 2, 2014 order as void as it would reinstate Marcus' 24-year sentence, which would subject Marcus to an 8-year increase in his sentence. Thank you, Your Honors. Thank you. You'll have rebuttal. Ms. Brooks. Thank you, Your Honors. May it please the Court. My name is Allison Paige Brooks, appearing on behalf of the people. This Court has the independent duty to vacate void orders, and that duty is not affected by any limitations on the State's rights to appeal. When a trial court enters an order or judgment during a time in which it lacks subject matter jurisdiction to do so, that order is void and subject to be vacated by this Court. This Court has authority to vacate that because this Court does have jurisdiction over this appeal. And the reason why this Court has jurisdiction over this appeal is because of the kind of interesting wrinkle in the case. The last point which the trial court did something there was September 3, 2014, when they denied the first motion to reconsider sentence, which was, I think, the only motion to reconsider sentence before the 604D remand. And notice of appeal was timely filed on October 3, 2014, which was 30 days later. In the meantime, this is when the interesting things happened. But just looking at that, the notice of appeal, liberally construed, refers to conviction and sentence, and it was filed within the 30 days as told because the sentencing was on July 2, 2014, but there was a timely filed motion to reconsider sentence, which was denied September 3. So 30 days after that tolling is the outer limit for the defendant to file a notice of appeal. Now the fact is he filed two notices of appeal, one which he voluntarily dismissed in this Court by motion, and the second which he filed in the trial court again. The second one filed in the trial court was timely, and that's what brings us here today. So this Court does have jurisdiction and can reach the merits of the sentencing argument that the defendant raises as a matter of plain error. But with respect to the State's argument that this Court should vacate the void judgment of the 16-year sentence imposed on October 2, 2014, it's important to recognize the flaw in the defendant's reasoning. And this is a mistake that the trial court made when advising the defendant and asking what he should do to get rid of the appeal. And when the defendant's appellate attorney, Jacqueline Bullard, in her office, filed the motion to dismiss the appeal, this Court then entered an order dismissing the appeal but didn't provide for a remand. So when the trial court receives this Court's mandate dismissing the appeal on September 30, 2014, jurisdiction is gone. It doesn't come back. It was never remanded to the trial court. I have a question in that regard. Would it have been possible for the trial court itself to have stricken a defendant's notice of appeal? I'm trying to remember if Rule 309, which applies in criminal cases, permits the trial court to sua sponte, strike the notice of appeal. I know the defendant could have done it by motion as long as the record had not been filed by that point, and I did not investigate whether the record had been filed yet, at what point the record was filed, for example, from the first notice of appeal. So 309 was an option that was not taken. The other thing that could have – so jurisdiction only would have come back if either this Court had provided in its remand for a remand of that jurisdiction, which it did not, or if the notice of appeal had been nullified because of a dismissal in the trial court under 309, which it did not happen. And the other thing that could happen is if there was revestment. The defendant hasn't seemed to make that argument, but it seems that there was no revestment because the judgment, which is a 24-year sentence, the state never agreed to put that on the wayside. They objected to the reduction in sentence. They insisted on keeping its judgment, the one it got on July 2, 2014. Well, go ahead. No, no. No, go ahead, Justice Sears. Well, 606B would allow the trial court to strike a notice of appeal if the defendant had, after filing the notice of appeal, filed some sort of subsequent motion in the trial court, right? I'm sorry, Your Honor. You said subsequent motion. The rule itself refers to a timely post-judgment motion. Sure. Let's say that that subsequent motion is timely, within the 30 days, but prior to the filing of that subsequent motion, there was a notice of appeal filed. Right. 606B would allow the trial court to strike that notice of appeal, right? Under those hypothetical facts, that is correct. Wouldn't it seem an anomalous result if the defendant would be allowed to proceed with hearing on that subsequent motion because the trial court had stricken the notice of appeal, whereas in a situation like this, as you argue, if it was the appellate court that dismissed the appeal upon the defendant's request, that the trial court would be divested of jurisdiction to be able to hear the subsequent motion, in this case, one being brought sui sponte by the court? Well, to respond to that, there's multiple things I'd like to say to respond to that. The first is the notice of appeal was valid here. The initial notice of appeal that was filed after the September 3, 2014, denial of the motion reconsider sentence was a valid notice of appeal. It divested jurisdiction in Stanter at that point when it was filed after that denial of the first post-judgment motion. So the only question is whether jurisdiction came back at that point or whether jurisdiction never left, as Your Honor is asking about, because the notice of appeal was rendered a nullity by something that happened afterwards. And Rule 606B does not apply here primarily for the reason that there are two primary reasons. There is no actual motion. Now, the defendant requires the marker, which is when the state can file a motion, post-judgment motion. It just says motion filed. It doesn't say by the defendant. I think it might say, I'm not sure if it says by the defendant, like if represented by counsel. There may be language in that. But the state can take advantage of it, too. But the point is there has to be some motion filed by a party. It doesn't seem to be any precedent to say that the trial court can somehow file a motion, quote motion, that would apply to 606B. Now, the other thing is the important limitation is it has to be timely motion, timely post-judgment motion, to be timely. The judgment is entered July 2, 2014. It has to be made within 30 days of that. Now, 30 days after July 2 doesn't take us into October or September even. So the point is if there had been a state, for example, if after receiving this letter from Judge Ladd, the defendant filed a new motion to reconsider sentence, it's still not timely because it's a successive post-judgment motion. He already filed one after the July 2 judgment. Now, a second post-judgment motion doesn't toll the time for appeal, and it doesn't operate the nullity rule of 606B. It doesn't render that notice of appeal a nullity because if the defendant had filed a second post-judgment motion sometime in October, it's not timely. It's not timely from the July 2 judgment, so it can't operate to make the notice of appeal a nullity. So, I mean, those are the two reasons. There was no motion, and even if there were, it wouldn't have been, quote, But the court was basically reconsidering its denial of the motion to reconsider. So on September 3rd, when the court denied the motion to reconsider, is it your position that the court lost jurisdiction 30 days after that or as soon as the notice of appeal was filed? Right, Your Honor. The rule is 30 days after that point, the trial court would have lost jurisdiction. After September 3rd? After September 3rd. However, the filing of a valid, timely notice of appeal divests jurisdiction in stance, and it never came back. And so your position is that when the appeal was dismissed and a mandate was issued in the trial court within the 30 days of September 3rd, and after the mandate issued dismissing the appeal, modify the sentence, that was not appropriate? There was no subject matter jurisdiction for the court to do so. That's correct, Your Honor. And the trial court's subject matter jurisdiction and this court's jurisdiction are separate issues. As I said initially, the defendant filed the second notice of appeal within 30 days of September 3rd, so therefore this court has jurisdiction. It's a totally separate issue as to what point the trial court lost jurisdiction. Well, we know we can't both have jurisdiction at the same time, right? Exactly, and that's the reason for the rule. And so essentially one thing the defense cites is Rule 369, which does not apply under Rule 612. It's not listed as applying to criminal cases. Rule 369 potentially could give a trial court in a civil case jurisdiction back without a remand being included in the reviewing court's mandate, but it doesn't apply to criminal cases. Yes, but 309 does apply to criminal cases. And it is mentioned in Rule 612, I believe it is. I believe so, too. And why wouldn't 309 govern this case? Now, admittedly, there wasn't a motion filed. It was on the court's own volition that it contacted the Office of the State Appellate Defender, but it seems rather technical to say that there's no jurisdiction, but the trial court itself contacted OSAT instead of nullifying the Notice of Appeal on its own. Isn't that a really technical difference in the state's position? The state admits this is technical, but jurisdiction is a technicality that matters profoundly. And the lack of subject-gender jurisdiction is a very important technicality in this situation. And certainly I understand what could have been done differently, what was not done, but it's simply unfortunate for the defendant's position that it was not done properly and in a way that would have preserved the jurisdiction for the trial court to rule as it did on October 2nd. But aren't there some cases, for example, People v. Richmond, I don't think anyone cited that, which also cites cases that it relies upon to say that what I just explained to you, even though 309 wasn't technically utilized, it still saves the jurisdiction for the trial court. And by the way, if you want to take a look at it, if you haven't seen it, it's People v. Richmond is 278 Illap 3rd, 1042, and it's a 1996 case. And in that case, they cite two other cases that have ruled similarly. One of them is Hook, and I believe the other one is Curry. Also, however, it cites a case from this district that rules differently. Have you taken a look at that and what would be your response as to, even though it's a technical affair to follow 309, how about this case that says it doesn't make any difference? I don't have the recollection to be able to answer that question at this time. It seems like if 309 wasn't followed, because, I mean, the notice of appeal was dismissed in this court. It was not dismissed, to my understanding of the record, in the trial court. And I'm not sure if this court is inclined to rule that somehow it was constructively dismissed, if that's the point of Justice Turner's question. I'm not sure what the cases speak to that issue, so I can't really answer it further. And I'm sorry, just very briefly, if you could revisit a point that you were making previously, and it was, I think, putting aside the notice of appeal issue in here, the trial court having come back and sui sponte reconsidering its sentence in this case, even without the notice of appeal having been thrown in there, let's just say that didn't happen, would have been untimely. Is that what you were saying? No, I don't think if it was happening within 30 days. I think that's what Judge Ladd is careful to do, is to call this back in a hurry to get it done in 30 days. Within 30 days of what? Of the September 3rd, under 2014. I'm not sure if that's, I didn't, I'm not sure about Serio specifically, but if that was something that happened in Serio, if, Your Honor's question is, that if there was no notice of appeal to divest jurisdiction, would it have been timely? I believe it would be timely, because the jurisdiction doesn't automatically divest until 30 days after that September 3rd date. But essentially, it was the notice of appeal that was valid, it was not a nullity, and it did divest jurisdiction in Stanter, and it never came back in a mandate, didn't come back in revestment. And the state's position is it was not a nullity, like the notice of appeal was not withdrawn under Rule 309, which could have potentially kept the jurisdiction in the trial court. So I wanted to just distinguish some of the cases cited by the defendant in the reply brief. Fuller is a case where it seemed like the trial court never ruled on the timely post-judgment motion. Here, the defendant did file a timely post-judgment motion. It was denied on September 3rd, 2014. So that's not a case that can be applied. Geiger is another case that the defendant relies on, and I think in that case, there was no notice of appeal before the trial court sui sponte set the additional hearing, or it was in response to a letter from the defendant. So the state's reliance, the state's argument would lose if the notice of appeal had not been filed. I understand that. But it seems like Geiger is distinguishable because here we do have a notice of appeal that divests jurisdiction. And McCloskey is a case, I think, that just has some sort of dictum saying, it's an older case that says that thereby restoring jurisdiction in that court. And I don't think that's really a precedent for this court to say that any mandate automatically revests jurisdiction in the circuit court, especially in a criminal appeal, because, for example, any mandate, like affirming a sentence, doesn't automatically return jurisdiction to the trial court to reconsider that sentence. But what about the fact that we're within 30 days, though? You're not saying just at any time, this is within 30 days. Yeah, I understand that. And I just don't think that McCloskey is a precedent for that sort of notion, that the jurisdiction would somehow automatically return without it being included in the mandate. Because the court, after an appeal, has authority only to act in accordance with the instructions or limits of that mandate. And especially here where we don't even have a mandate remanding it, so we don't even know what sort of authority the trial court would have, other than the continuing authority to correct non-substantial manners of inadvertence or mistake, which this is certainly not a matter of something trivial that can be corrected, even after the trial court loses general subject matter jurisdiction. So therefore, the trial court's inherent power to reconsider its rulings does not help the defendant. And just very quickly about the plain error argument, the defendant is at the burden of showing clear, obvious error, and the consideration of what he considers to be an element of the offense, it has to be an aggravation. It doesn't just have to say the trial court considered an element of this crime, because obviously the judge is considering the elements of the crime and determining how to sentence the defendant. But the improper double enhancement comes from a specific use of that element as aggravation, and that is something that's lacking here. In fact, what the trial court did was favorable to the defendant by limiting the trial court's consideration to this not being an actual gun, just simply being the fact that the defendant did something that indicated by his actions that he was armed with a firearm. And of course the trial court can and maybe did consider an aggravation that pointing an apparent gun at someone's head is aggravation. Now that's okay aggravation, because that's not inherent in the crime. The judge can consider the nature and extent of elements of the crime in considering that as proper aggravation. So pointing a gun at someone is a lot worse than just simply indicating by words or actions that one is armed. And so that's proper aggravation for that reason, the defendant is not entitled to a new sentencing hearing. Any other questions, Your Honor? No, thank you very much for your argument. Is there rebuttal? Your Honor, a few points on rebuttal. First of all, the trial court has inherent authority following 30 days after its denial of timely files post-trial motion. The state is correct. Rule 309 was an option for the trial court to get jurisdiction in this case, but it was only an option. The trial court had other options, and the trial court, Judge Ladd specifically, reached out to OSAD and informed OSAD that it wanted to get that jurisdiction because it was still within the 30-day window. When OSAD filed a motion to dismiss Marcus' appeal, it informed this court that it was specifically because the trial court was reconsidering its denial of Marcus' motion to reconsider sentence, and it intended to do so within 30 days. While the mandate did not include a specific remand directing the trial court to reconsider its denial of Marcus' motion to reconsider, that was because the trial court had informed the court district via OSAD that that was exactly what it intended to do. So while 309 would have provided maybe a more clean-cut way for the trial court to have retained jurisdiction, the trial court did retain jurisdiction because it acted within the 30-day window. It acted within its inherent authority to correct trial errors, especially considering that the trial court's discretion in sentencing Marcus ranged from four years to 30 years. So the trial court, in noticing that the co-defendant had agreed to a negotiated plea of guilty for the exact same aggravated robbery offense under very similar circumstances where both minors waived juvenile court jurisdiction, the trial court, in its discretion, asked that jurisdiction be retained so that the trial court could fix its own errors, which is what the Illinois Supreme Court has consistently asked that the trial court be allowed to do, which is to correct its own trial errors before allowing an issue to be raised on appeal. Therefore, we ask that this court refuse the State's argument to vacate the October 2, 2014 order as void because it would subject Marcus to an eight-year increase in his sentence. Counsel, I don't want you to leave without addressing the substantive issue, which is, did the trial court improperly rely on an element of the offense in aggravation during sentencing? I'm not sure that I have identified in your brief, either the original brief or reply brief, what specifically the trial court said in her remarks that would indicate that she was relying on an element of the offense as a factor in aggravation specifically. John, as this court is aware, when it comes to double enhancement issues, sometimes the line goes between whether the trial court is talking about the nature of the offense or whether the trial court is actually considering a factor in aggravation. The issue I raised in my brief, the substantive issue, was that when the trial court said, I will consider only that he acted like he had a weapon, it was a factor in aggravation just because the sentencing scheme places as a Class I felony and he was charged specifically for acting like he had a weapon. So a trial court can't simply recite what the facts were that might have led to the conviction without it being assumed that the trial court considered an element as a factor in aggravation? No, Your Honor. The trial court can discuss the nature of the offense and can recite the facts that have led the trial court to place a certain sentence upon the defendant. But in this case, the trial court specifically said the words, I will consider, which indicates that the trial court did consider this factor when sentencing Marcus, and this factor was considered when the legislature identified aggravated robbery as a Class I felony. And it's because the trial court said the words, I will consider, and then used that same language in the subsequent motions  Thank you, Your Honors. Thanks to both the cases submitted and the court's standings.